ROBINSON, Appellant, v. PARAGOULD SOUTH-EASTERN RAILROAD COMPANY, Respondent.

**St. Louis Court of Appeals, June 4, 1908.**

PLEADING: Negligence: Damages. A petition, in an action against a railroad company, which alleged facts showing the plaintiff went to the defendant's station to transact legitimate business with the railroad company and, while he was there on business, the defendant's agents carelessly started a tank of oil to roll on a skid from a car into the depot and, by failing to guide or restrain it, negligently let it roll off the skid and fall upon the plaintiff's foot and injure him, and that the plaintiff was in the exercise of ordinary care, and was unable to get out of the way on account of obstructions, stated facts sufficient to support a judgment after verdict and was not therefore open to an attack on objection to the introduction of evidence.

Appeal from Dunklin Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*John W. Scobey* for appellant.

The court erred in sustaining objection to the introduction of evidence under the petition, and dismissing plaintiff's cause of action. Butz v. Construction Co., 199 Mo. 280; Murrell v. Railroad, 105 Mo. App. 88; Langan v. Railroad, 72 Mo. 392, 180 Mo. 168.

*Samuel H. West, Roy F. Britton* and *J. D. Block* for respondent.

(1) Petition does not state a cause of action. The test is "that the petition must state all the facts necessary to prove in order to make out a prima-facie case." Rodgers v. Insurance Co., 186 Mo. 248. The petition herein falls short of this in that: (a) Its allegations do not establish a duty owing to plaintiff by defendant. Loehring v. Const. Co., 118 Mo. App.

163; Frye v. Railroad, 200 Mo. 377.    (b)    The allegations of negligence in placing boxes and cases and of unloading freight are not specific.    A general averment of negligence will not suffice.    Pattison, Missouri Code Pleading, sec. 421, and cases there cited.    (c) It is indefinite and uncertain.    (2)    The petition on its face shows plaintiff was guilty of contributory negligence, which would bar a recovery.    (a)    The plaintiff, according to his own allegations, negligently placed himself in a dangerous position and failed to exercise ordinary care.    Carroll v. I. R. T. Co., 107 Mo. 653; O'Donnell v. Patton, 117 Mo. 13; Diamond v. Kansas City, 120 Mo. App. 185.    (b) · And the petition does not aver that defendant's employees knew of plaintiff's perilous position or by the exercise of ordinary care could have known of it in time to prevent his injury. For this reason the cases cited in appellant's brief are not applicable.    (c)    There is no question for a jury presented by the petition.    Hogan v. Railroad, 150 Mo. 36; Davies v. Railroad, 159 Mo. 1; Cahill v. Railroad, 205 Mo. 393.

BLAND, P. J.—An amended petition was filed in the case which (omitting caption) is as follows:

"Now comes the plaintiff, leave of court first had and obtained, and files this, his amended petition, and for his cause of action states, that the defendant is a corporation duly organized and existing under and by virtue of the law of the State of Arkansas.

"Plaintiff further states that said defendant above named and at all times hereinafter mentioned, was maintaining and operating its line of railroad from Paragould, Arkansas, east, through the south part of Dunklin county, Missouri, and through the town of Cardwell in said Dunklin county, Missouri, and terminating in the State of Arkansas.

"That the duty of said defendant is and was that of

a common carrier of passengers, freight and express, delivering same at all points of destination along said railroad.

"Plaintiff says that on or about November 18, 1905, this plaintiff was expecting of this defendant, as such common carrier, to deliver to him at Cardwell, Dunklin county, Missouri, on the above named date, a consignment of express, and that said defendant did deliver to this plaintiff said consignment of express on said date and at said place, and that this plaintiff while in the exercise of his right to go to the office or station of said defendant, as such common carrier, at the town of Cardwell, Dunklin county, Missouri, and while in the exercise of ordinary care on his part, the defendant, by its agents, servants and employees, did carelessly, negligently and without the use of ordinary care on their part, commit a personal injury upon this plaintiff, in the following manner, to-wit:

"That said defendant, by its servants, agents and employees, had negligently and carelessly caused or permitted a great number of boxes or soda cases to be placed on the depot platform, on the part of defendant's premises that was being used as the platform for said depot, and that there being but one depot of said defendant, to be used for passengers, freight and express, and it was necessary for plaintiff in transacting business with defendant, to go to this, the only office and depot of said defendant, in the town of Cardwell, and said boxes and soda cases were placed by said defendant, or permitted by defendant to be placed upon said platform in a careless and negligent manner so as to obstruct said platform.

"Plaintiff further says that on or about November eighteenth, 1905, which was the date of said alleged injury, the defendant, as was its custom, ran a mixed train consisting of passenger coaches and freight cars on which they carried passengers, freight and express

to said town of Cardwell, and other points of destination along said line of road, and while the passengers were getting off and aboard said train, the defendant, by its servants, agents and employees stopped a freight car loaded with freight immediately in front of said depot for the purpose of unloading freight, consisting of oils and other merchandise, and said defendant, by its agents, servants and employees, did negligently and carelessly place a long plank in the door on the south side of said freight car door, which was open, and letting the plank extend across the platform of said depot and the other end of same resting in the door of the depot on the north side thereof, forming an incline from said car door to the depot or station house, being across said depot platform and thereby obstructing the same, which was used for the patron of said company in going about said depot.

"Plaintiff further says that the defendant, by its agents, servants and employees, on the date aforesaid, did negligently and carelessly attempt to roll a barrel or tank of oil out of said car down said incline or plank into the depot or freight house of said defendant, and said defendant's agents and servants turned on to said plank or incline, at the car door, said tank of oil, and notwithstanding there was a great crowd of people on both sides of said plank or incline, said defendant's agents and servants let said tank or barrel of oil go down said plank or incline without being guided or held to by any person, and said tank or barrel of oil being very heavy went down said incline very rapidly, which was very careless and negligent on the part of the defendant, and that while the said tank of oil was going down said incline at such great force and speed it rolled off of said plank, and struck this plaintiff upon the foot and leg, thereby bruising and lacerating the muscles and skin of said foot and leg and breaking the bones of said foot and leg, and thereby

causing painful, lasting and permanent injuries to this plaintiff, who was rightfully on said depot platform.

"Plaintiff further says that by reason of said boxes and soda cases aforesaid being placed as an obstruction on said platform, he could not get out of the way of said tank of oil when it rolled down said incline, as it was rolled with such force and speed and in such a careless and negligent manner.

"Plaintiff further says that the injuries aforesaid were caused by the carelessness and negligence of the defendant, by its agents, servants and employees.

"Plaintiff further says that he has suffered great bodily pain and mental anguish from said injury so caused and that he was confined to his bed for a long time and required to spend a great sum of money for surgical and medical attendance, and for nurse hire, and that he lost a great deal of time from labor by reason of the injury so caused.

"Wherefore, plaintiff says that by reason of the careless and negligent injury of and wounding of said plaintiff by said defendant, by its agents and servants and employees, which could have been avoided by the use of ordinary care on their part, and by reason of the physical pain and mental anguish caused plaintiff by said injury, and by reason of the loss of time from said injury, and by reason of the medical and surgical attendance at the expense of plaintiff and nurse hire by plaintiff, all of which was caused by the negligent and careless injuring and wounding of plaintiff by the defendant without the use of ordinary care and prudence on their part, this plaintiff is damaged in the sum of nineteen hundred and ninety-nine dollars.

"Wherefore, plaintiff prays judgment against the defendant in the sum of nineteen hundred and ninety-nine dollars and for costs of this action."

Defendant filed an answer admitting its corporate

existence and that it was operating a mixed train, carrying passengers and freight on the day plaintiff states he was injured, denied negligence on the part of its servants and pleaded, as an affirmative defense, that plaintiff was guilty of negligence which directly contributed to his injury. At the threshold of the trial, defendant objected to the introduction of any evidence on the ground that the petition failed to state a cause of action. The court sustained the objection and, plaintiff declining to amend his petition, judgment was rendered by the court for defendant, so that the sole question for decision is whether or not the petition stated a cause of action.

The petition states facts to show that plaintiff had a right to go upon defendant's platform and into its office or station for the purpose of receiving an express package, which he thought had arrived on the train then standing at the station. The petition is somewhat verbose and inartistically constructed. It alleges, in substance, that plaintiff went to the station to transact legitimate business with defendant (to receive his express package) ; that while there on said business, a skid was run across the platform extending from the door of a freight car into the door of the depot, and while he and others were passing around and about this skid, defendant's agents, carelessly and negligently started a tank of oil to roll on the skid from the car into the depot, and by failing to guide or restrain it, carelessly and negligently let it roll off the skid and fall upon plaintiff's foot and injure him. The petition also alleges that plaintiff was exercising ordinary care and was unable to get out of the way of the tank of oil for the reason the platform around and about him was obstructed with boxes of freight which had been unloaded from the train. The petition is awkwardly framed but an assemblage of its allegations in proper connection will show that it states facts sufficient to support

a judgment after verdict, and was therefore not open to an attack on an objection to the introduction of any evidence.

The judgment is reversed and the cause remanded. All concur.